IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**USAA LIFE INSURANCE COMPANY**,

*Plaintiff,*

*v.*

**COURTNEY MCCABE AND
DEBORAH TIEDEMANN**,

*Defendants.*

*and*

**DEBORAH TIEDEMANN**,

*Cross-Claimant,*

*v.*

**COURTNEY MCCABE,**

*Cross-Defendant.*

CAUSE NO. 3:23-CV-393-CWR-LGI

## <u>ORDER</u>

Before the Court are Defendant Deborah Tiedemann's Unopposed Motion to Restrict Jurisdictional Briefing and Exhibits in Support, Docket No. 16, her Non-Confidential Memorandum in Support, Docket No. 17, and her Confidential Memorandum in Support. Tiedemann asks the Court to restrict the following forthcoming jurisdictional briefing and exhibits in support thereof:

(1) Joint Response to Defendant Courtney McCabe's Motion to Dismiss;

(2) Tiedemann's Declaration in support of the Joint Response;

(3) Timothy Stephenson's Affidavit in support of the Joint Response;

(4) Daniel Olson's Affidavit in support of the Joint Response;

(5) A Notarized letter from Tiedemann's employer;

(6) McCabe's Reply in support of her Motion to Dismiss; and

(7) Any Order deciding McCabe's Motion to Dismiss, or any Order that references facts stated in the Joint Response or its supporting exhibits.

On review, the Court concludes that the Motion shall be granted in part and denied in part. It is appropriate to restrict public access to the jurisdictional briefings and supporting exhibits—allowing only the attorneys-of-record to access current and forthcoming jurisdictional briefing and the exhibits in support. This includes Defendant McCabe's most recent filings—[20] Motion to Dismiss for Lack of Jurisdiction over Crossclaim and [21] Memorandum in Support of Motion to Dismiss for Lack of Jurisdiction over Crossclaim. However, the Court will not restrict the public's access to its Order deciding McCabe's Motion to Dismiss. It will instead issue an Order that does not reference confidential information.

## I.      Factual and Procedural History

This is an insurance interpleader action. Plaintiff USAA Life Insurance Company wants to pay a $750,000 death benefit to its proper beneficiary or beneficiaries but cannot determine whether the policy proceeds lawfully belong to Defendant Deborah Tiedemann or Defendant Courtney McCabe. Plaintiff sued them both here, invoking diversity jurisdiction, so that this Court could temporarily hold the money and determine the proper recipient.

2

McCabe filed a Motion to Dismiss for lack of subject matter jurisdiction. Docket No. 8. She argued that the Court lacks diversity jurisdiction because Tiedemann is "stateless for purposes of diversity jurisdiction." Docket No. 9 at 6 (internal quotations omitted).

Subsequently, Tiedemann filed the present motion to restrict certain documents from the public's access. Docket No. 16. In her Non-Confidential Memorandum in Support, as well as a Confidential Memorandum in Support that was provided to the Court in camera, Tiedemann explained that disputing McCabe's jurisdictional arguments will require her to disclose sensitive information about her current residence. Docket No. 17 at 2.

Specifically, Tiedemann stated that, although she resides abroad, "her true domicile [is] in the state of Florida" and she ultimately intends to return to the United States to continue her domiciliary in Florida. *Id.* at 2-3. Tiedemann and her family reside abroad for work, *id.*, and have lived abroad since 2001, Docket No. 8 at 2. The nature of the Tiedemanns' work abroad "is not publicly available" information, she claims, and is "closely guarded." Docket No. 17 at 3. Tiedemann explains that this discretion is meant to protect her, her family, and their associates from "physical danger . . . in her country of residence." *Id.*

## II.    Legal Standard

This Court recognizes the well-established presumption that the public has a "general right to inspect . . . judicial records and documents." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). In upholding that presumption, this Court's Local Rules provide that "all pleadings and other materials filed with the court ('court records') become a part of the public record of the court," unless a law, statute, or order provides otherwise. L.U. Civ. R. 79(a). This presumption "furthers not only the interests of the outside public, but also the integrity of

3

the judicial system itself." *United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

The public's right to inspect judicial records, however, is not absolute. *Sec. and Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). And "because no clear rules can be articulated as to when judicial records should be closed to the public, the decision to do so necessarily rests within the sound discretion of the courts." *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. 1981). Courts are expected to "balance the public's common law right of access against the interests favoring nondisclosure." *Doe v. Hood*, No. 3:16-CV-789, 2017 WL 2408196, at *2 (S.D. Miss. June 2, 2017) (citing *Van Waeyenberghe*, 990 F.2d at 848).

Motions to restrict information are decided on "a case-by-case, document-by-document, line-by-line basis and must be congruent to the need." *Gilliam v. Kinder Morgan, Inc.*, No. 2:22-CV-92, 2023 WL 2344698, at *1 (S.D. Miss. Mar. 2, 2023) (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419-20 (5th Cir. 2021)). There are "a number of factors" courts consider when determining whether it is appropriate to restrict the public's access to judicial records. *Belo Broadcasting*, 654 F.2d at 434.

To prevail on a motion to restrict, the movant must provide the Court with "clear and compelling reasons to shield a document" from public access. *EEOC v. Halliburton Energy Servs.*, No. 3:16-CV-233, 2018 WL 3061973, at *1 (S.D. Miss. May 17, 2018) (internal quotations omitted). An Order granting a motion to restrict must weigh the desired "secrecy of judicial records" against "the presumption of openness," which "can only be rebutted by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421; *see also* L.U. Civ. R. 79(b) ("Any order sealing a document must include particularized findings

demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.").

### III.   Discussion

Tiedemann explains it well. In order to dispute McCabe's jurisdictional arguments, "[Tiedemann] must fully describe the nature of her relationship with the foreign country where she resides, [including] the strict policies and practices governing her employment" abroad. Docket No. 17 at 2.

The Court agrees. Tiedemann has provided clear and compelling reasons that justify restricting—only to the attorneys-of-record—access to information regarding her location and her reasons for residing abroad. Restricting access to all jurisdictional briefing is the least restrictive means of protecting Tiedemann's reasons for residing abroad and upholding the public's interest in inspecting judicial records.

However, given the public's interest in understanding the law pertaining to the Motion to Dismiss, the Court will not restrict the public's access to its Order resolving the jurisdictional dispute. It will instead issue an Order that does not mention the confidential information.

### A.   The Public's Interest

The public has an interest in the outcome of the jurisdictional dispute before the Court. "[T]he documents sought to be sealed are exhibits to a dispositive motion, which means that the weight afforded to the public's common-law right of access is necessarily greater." *Halliburton Energy Servs.*, 2018 WL 3061973, at *2. This Court can only hear disputes over

which it has subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Because a litigant's ability to be heard before a federal court depends on whether the court has jurisdiction, determinations regarding subject matter jurisdiction are of particular interest to the public. Such an interest exists in the present matter.

Indeed, in an increasingly globalized world, it is not uncommon for American citizens to reside abroad for an extended period of time. Like the Tiedemanns, many individuals temporarily move abroad for work, to advance their education, or to conduct groundbreaking research. Whether an American citizen living abroad for an indefinite period of time is considered "stateless" for purposes of jurisdiction is, therefore, relevant to the American public. These factors favor public access to the Court's forthcoming Order deciding the jurisdictional dispute.

### B.  *Clear and Compelling Reasons Disfavoring Public Access*

The public's general interest in the outcome of the jurisdictional dispute does not, however, favor disclosing the parties' jurisdictional briefing and supporting exhibits.

Tiedemann has presented clear and compelling reasons to shield the parties' jurisdictional briefing and supporting documents from public access. The nature of Tiedemann's work is not public information in her country of employment. Her Confidential Memorandum and affidavit explain that her employer, in fact, precludes the Tiedemanns and their colleagues from identifying themselves or mentioning their employer by name. This discretion is intended to protect the Tiedemanns and their associates from abuse. In her Confidential Memorandum, Tiedemann further notes that some of her work associates have reported incidents of threats of violence. For that reason, Tiedemann asserts, publicly announcing the nature of her work will expose her and her family to similar incidents.

6

The need to protect the Tiedemanns' safety outweighs the presumption of openness in this particular case. *See Hood*, 2017 WL 2408196, at *3 ("findings [] concerning plaintiffs' safety[] indicate that plaintiffs should be granted leeway to preserve their anonymity"). Information concerning their reasoning for living abroad is simply of less consequence to the public interest than *how* our federal law categorizes and defines American citizens that are domiciled in the United States but reside abroad. For these reasons, only the attorneys-of-record will have access to the parties' jurisdictional briefings and supporting exhibits.

### IV.    Conclusion

Tiedemann's Motion to Restrict is granted in part and denied in part. The enumerated briefs and supporting exhibits, including Docket Nos. 20 and 21, shall be delivered to the Clerk for filing under restricted access. However, the Court's Order deciding McCabe's Motion to Dismiss will be public, as the Court will take care not to disclose Tiedemann's personally identifying information.

**SO ORDERED**, this the 5 day of September, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE