IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**USAA LIFE INSURANCE COMPANY**,

        *Plaintiff*,

v.

**COURTNEY MCCABE and
DEBORAH TIEDEMANN**,

        *Defendants*,

and

**DEBORAH TIEDEMANN**,

        *Cross-Claimant*,

v.

**COURTNEY MCCABE,**

        *Cross-Defendant*.

CAUSE NO. 3:23-CV-393-CWR-LGI

## ORDER

Before the Court is co-Defendant Courtney McCabe's *Motion to Dismiss* Plaintiff USAA Life Insurance Company's ("USAA Insurance") interpleader action. Docket No. 8. USAA Insurance and co-Defendant Deborah Tiedemann filed a *Joint Response in Opposition*. Docket No. 24. McCabe replied in support of her *Motion*. Docket No. 29. Pursuant to a September 5, 2023 Court Order, all pleadings responsive to McCabe's *Motion* were filed under restricted access.[1]

---

[1] Having already found clear and compelling reasons to restrict the public's access to information concerning Tiedemann's location, *see* Docket No. 22 at 5, that location will be omitted from this Order.

Upon review, McCabe's *Motion* is **DENIED**.

I.      **Factual and Procedural History**

Thomas McCabe passed away in August 2022. Docket No. 1. Thereafter, his wife Courtney McCabe and his sister Deborah Tiedemann asserted claims to his life insurance policy's $750,000 Death Benefit. *Id.* at 3. USAA Insurance filed this interpleader action, naming McCabe and Tiedemann as co-Defendants, so that this Court might determine the proper beneficiary. *Id.*

McCabe now moves to dismiss the action on grounds that the Court lacks subject matter jurisdiction over Tiedemann because she is domiciled in a foreign country. Docket No. 8 at 3. Tiedemann, McCabe explains, is therefore a "stateless person" for purposes of diversity jurisdiction. *Id.* "As a result, there is no diversity of citizenship under either" 28 U.S.C. § 1332 or § 1335. *Id.* In support of her argument, McCabe alleges the following:

(1)     Tiedemann and her husband have resided in a foreign country since 2001;
(2)     Tiedemann and her husband own a home in that foreign country;
(3)     All six of Tiedemann's children were born in the foreign country, five of whom lived abroad with Tiedemann at the time this suit was filed;
(4)     Tiedemann and her husband own a home in South Carolina that they have been renting out to tenants since at least 2010; and
(5)     Tiedemann is employed abroad.

Docket No. 9 at 2-3 and 5, *see also* Docket No. 8-1.[2] For those reasons, McCabe argues that the other country "is her family's home, her residence, and her domicile." Docket No. 9 at 6.

By contrast, USAA Insurance and Tiedemann argue that the Court has jurisdiction over Tiedemann because she is not a stateless person. *See* Docket No. 24. Tiedemann asserts

---

[2] McCabe makes several allegations about Tiedemann's husband's domicile. *See* Docket No. 9 at 2-3. The Fifth Circuit makes clear, however, that "for diversity purposes a woman does not have her domicile or State Citizenship changed solely by reason of her marriage . . . ." *Mas v. Perry*, 489 F.2d 1396, 1400 (5th Cir. 1974). Facts pertaining to Tiedemann's domiciliary—not her husband's—are the only facts relevant.

2

that she is a citizen of the United States and domiciled in the State of Florida. Docket No. 25 at 2. The *Joint Response* includes affidavits from Tiedemann, her employer, and her pastor, as well as documentation of Tiedemann's driver's license, bank statements, voter registration, and other relevant documents. Docket No. 24-1 through 24-4.

Although Tiedeman has resided abroad for over 20 years, USAA Insurance and Tiedemann offered the following facts to support their contention that Tiedemann is not stateless for purposes of diversity jurisdiction:

(1) Tiedemann resides in a foreign country on assignment by her employer;
(2) Tiedemann's employer controls where she works and whether she remains in the foreign state;
(3) Tiedemann is employed by a Virginia-based organization and is compensated by that organization;
(4) Tiedemann does not own a home abroad;
(5) Tiedemann's employer prohibits her from owning a home in the country where she lives;
(6) Tiedemann is not a citizen of the foreign country;
(7) Tiedemann returns to the United States—as her employer requires—for a period of months, every two to four years;
(8) In 2013, 2017, 2019, 2021, 2022, and 2023, Tiedemann and her family leased homes in the State of Florida;
(9) Tiedemann is registered to vote in Florida, pays taxes in Florida, and belongs to a church home in Florida;
(10) Tiedemann and her husband own a Florida-registered vehicle;
(11) Tiedemann, her husband, and her two eldest children have Florida driver's licenses, and her third child has a Florida learner's permit;
(12) Tiedemann's two eldest children received university scholarships reserved for Florida residents;
(13) Tiedemann receives her bank statements at a Florida address; and
(14) Tiedemann intends to retire in Florida once she is eligible to do so in 2026.

*See* Docket No. 24-1 through 24-4; Docket No. 25.

## II. Legal Standard

Federal courts "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). The Constitution grants federal

3

courts original jurisdiction over cases and controversies "between citizens of different states." U.S. Const. art. III § 2; *Coury*, 85 F.3d at 248 (explaining that federal courts have limited subject matter jurisdiction). It is axiomatic then that this Court should dismiss any action over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

When a matter is before a Court pursuant to diversity jurisdiction, "[t]he burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). And because there is a "presumption against subject matter jurisdiction that must be rebutted," once challenged, the party invoking diversity jurisdiction bears the burden of proof. *Coury*, 85 F.3d at 248.

**III.   Discussion**

The Court is presented with an interesting dilemma: does Tiedemann's residence in a foreign country deem her "stateless" for purposes of diversity jurisdiction? If the Court answers in the affirmative, Tiedemann's status as a "stateless" person will destroy diversity jurisdiction, and this action should be dismissed. Alternatively, if the Court finds that Tiedemann is domiciled in Florida—as the *Joint Response* purports—complete diversity exists between the parties and the action shall proceed.[3]

The analysis begins with an explanation of the stateless doctrine.

Section 1332(a)(3) grants federal courts jurisdiction over civil actions "between citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). The Supreme Court interpreted that language to mean that a U.S. citizen who "has no domicile in any State . . . is therefore 'stateless' for purposes of §

---

[3] The parties do not dispute that USAA Insurance is a citizen of Texas and McCabe is a citizen of Mississippi.

4

1332(a)(3)." *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826 (1989). Consequently, "the presence of a single stateless entity as a party to a suit destroys complete diversity."[4] *Mitchell v. Bailey*, 982 F.3d 937, 943 (5th Cir. 2020).

The Fifth Circuit has recognized that the language in § 1332(a)(3) creates a jurisdictional "anomaly," such that U.S. citizens living abroad are precluded from invoking diversity jurisdiction in our federal courts. *Smith v. Carter*, 545 F.2d 909, 912 (5th Cir. 1997). It has declined, however, to "reverse an existing interpretation that has remained unchanged" and one that "Congress has not seen fit to amend." *Id.*

For diversity purposes, citizenship is determined by a person's domiciliary, not necessarily where she resides. *Mas*, 489 F.2d at 1399. A person is domiciled in the place of her "true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom." *Id.* Courts must consider a variety of factors when determining a litigant's domicile—no single factor is determinative. *Coury*, 85 F.2d at 251.

These factors include where a person exercises her civil and political rights, pays taxes, owns property, has a driver's license, maintains bank accounts, belongs to a church, and maintains a family home. *Id.* Furthermore, there is a presumption that an established domicile "persists until a new one is acquired or it is clearly abandoned." *Brown v. Mut. of N.Y. Life Ins.*, 213 F. Supp. 2d 667, 669 (S.D. Miss. 2002) (citing *Coury*, 85 F.3d at 250). A change

---

[4] As one author explained, "U.S. citizens domiciled abroad are neither citizens of any State in the United States nor citizens or subjects of a foreign state." Amy L. Levinson, *Developments in Diversity Jurisdiction*, 37 LOY. L.A. L. REV. 1407, 1414 (2004).

of domicile occurs only when a person (a) moves to a new domicile with (b) the intention to remain there. *Id.*

The Court finds that USAA Insurance, in joint response with Tiedemann, has met its burden of proving that Tiedemann is domiciled in the State of Florida, and thus complete diversity exists between the parties. The weight of the evidence suggests that when Tiedemann moved to the foreign country in 2001, she did not have an intention to remain abroad—and she still doesn't have that intent today. Tiedemann moved abroad to complete a work assignment. She remains there only because her employer, a Virginia-based organization, requires her to do so.

When her employer requires her to return to the United States every two to four years, Tiedemann returns to Florida for several months at a time. In 2013, 2017, 2019, 2021, 2022, and 2023, Tiedemann and her family leased homes in Florida. Her two eldest children have reached college-age, and each received university scholarships reserved for Florida residents. Tiedemann, her husband, and her two eldest children have Florida driver's licenses. Similarly, her third child has a Florida learner's permit. At the time this action was filed, Tiedemann and her husband owned a Florida-registered vehicle. Tiedemann is registered to vote in Florida and has exercised that right. Furthermore, she banks with a United States-based bank and receives her bank statements at a Florida address. These factors are generally sufficient to establish her domicile. *See, e.g., Barnes v. Edgeworth*, No. 5:02-CV-56-BN, 2004 WL 914642 (S.D. Miss. Apr. 26, 2004) (finding plaintiff domiciled where she was registered to vote, registered two vehicles, and opened a bank account).

Furthermore, these findings are consistent with caselaw. In *Kaiser v. Loomis*, for example, the Sixth Circuit considered whether a medical missionary was domiciled abroad.

6

391 F.2d 1007, 1009 (6th Cir. 1968). It found that "the temporary character of defendant's residence in Addis Ababa prohibited any finding of domicile in a foreign country." *Id.* at 1009-10 (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "[A] move undertaken for employment purposes, standing alone as the sole objective fact, [is] insufficient" to establish that Tiedemann changed her domicile to the foreign country. *See Wassan v. Northrop Worldwide Aircraft Servs.*, 443 F. Supp. 400, 405-06 (W.D. Tex. 1978). Tiedemann has resided in a foreign country for 20 years. That one factor, however, is not dispositive and Tiedemann's course of conduct "leads to the inescapable conclusion" that she does not possess the requisite intent to remain abroad. *Id.* at 405.

Tiedemann re-files with the foreign government to remain in-country each year, but she has never filed for permanent residency in that country. She further explains that she intends to retire in the State of Florida—she is eligible to do so in 2026. Of course, "[m]ere mental fixing of citizenship" is insufficient to prove domicile. *Stine*, 213 F.2d at 448. What is in a "[woman's] mind must be determined by what [she] does as well as by what [she] says." *Id.* Here, Tiedemann's actions align with her words—her course of conduct demonstrates an intention to remain domiciled in Florida. Tiedemann is, therefore, not "stateless" and this Court may exercise diversity jurisdiction over the matter before it.

**IV.  Conclusion**

McCabe's *Motion to Dismiss* for lack of subject matter jurisdiction is **DENIED.**

**SO ORDERED**, this the 21st day of March, 2024.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
