IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**USAA LIFE INSURANCE COMPANY**,

*Plaintiff*,

v.

**COURTNEY McCABE and
DEBORAH TIEDEMANN**,

*Defendants*.

Cause No. 3:23-CV-393-CWR-LGI

# ORDER

Before the Court is defendant Deborah Tiedemann's motion for partial summary judgment as to certain crossclaims asserted by defendant Courtney McCabe. Docket No. 58. For the reasons that follow, the motion is due to be granted.

**I.     Factual and Procedural History**

Courtney McCabe was married to Thomas Allen McCabe. The two had four children together. But as the McCabes were in the process of divorcing, Mr. McCabe substituted his wife for Deborah Tiedemann, his sister, as the named beneficiary of his USAA Life Insurance Company and Federal Employees' Group Life Insurance Act ("FEGLIA") policies. He also named Ms. Tiedemann as the beneficiary of his Thrift Savings Plan ("TSP"). His TSP was authorized by the Federal Employees' Retirement System Act of 1986 ("FERSA").

Mr. McCabe died on August 23, 2022. Because Ms. Tiedemann was the named beneficiary of his FEGLIA policy and TSP, the proceeds of those accounts were paid to her.

USAA, however, filed this interpleader action because both Ms. McCabe and Ms. Tiedemann asserted that they were entitled to the life insurance policy's proceeds.[1]

Ms. McCabe does not dispute that Ms. Tiedemann is the named beneficiary on each account. She argues, however, that Mr. McCabe intended for Ms. Tiedemann to hold portions of the money in trust for their four children. As evidence of this intent, she points to two emails Mr. McCabe sent to his attorney before his death.

At this point in the litigation, Ms. Tiedemann has moved for partial summary judgment as to Ms. McCabe's crossclaims regarding her entitlement to proceeds from Mr. McCabe's FEGLIA policy and TSP account.[2] She argues that Mr. McCabe did not intend for her to place the proceeds from these accounts in a trust. She further argues that his intent is irrelevant because FEGLIA and FERSA preempt any Mississippi laws warranting a trust. The parties' respective positions are addressed below.

## II.    Legal Standard

A party is entitled to summary judgement "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*,

---

[1] The USAA life insurance policy's proceeds have since been deposited into the registry of the Court and USAA has been dismissed from this matter. Docket No. 44.
[2] Ms. Tiedemann has also moved for summary judgment as to the proceeds from Mr. McCabe's USAA policy. The Court will resolve that motion in a separate Order.

80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

**II.     Discussion**

    **A.     FEGLIA Preempts Mississippi Law**

Ms. McCabe submits that a jury should determine whether Mr. McCabe created an express trust under Miss. Code Ann. §§ 91-8-101, *et seq.* or if a resulting trust is warranted. Docket No. 61 at 7-8. Ms. Tiedemann argues that FEGLIA preempts Mississippi law as to both types of trust. Docket No. 59 at 1.

State laws are preempted when they conflict with a federal statute. *Hillman v. Maretta*, 569 U.S. 483, 490 (2013). "Such a conflict occurs when compliance with both federal and state regulations is impossible . . . or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (quotation omitted).

The *Hillman* Court reasoned that the "nature of the federal interest" concerning FEGLIA is for "insurance proceeds [to] be paid in accordance with FEGLIA's procedures." *Id.* at 495. Accordingly, a state law conflicts with FEGLIA when it allocates proceeds outside of the designated process.

FEGLIA contains an "order of precedence" for distributions. It provides that proceeds shall be paid "[f]irst to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office." 5 U.S.C. § 8705(a). FEGLIA does allow certain individuals to receive proceeds outside of the designated order. But, for this to occur, the non-beneficiary must seek to claim proceeds per "the terms of any

3

court decree of divorce, annulment, or legal separation" or "a court-approved property settlement agreement" entered in conjunction with a court order. *Id.* § 8705(e)(1).

*Hillman* supports Ms. Tiedemann's position. As the Supreme Court held there, "where a beneficiary has been duly named, the insurance proceeds she is owed under FEGLIA cannot be allocated to another person by operation of state law." 569 U.S. at 496. Ms. Tiedemann is the only named beneficiary on Mr. McCabe's FEGLIA policy. Imposing a trust would deprive her of proceeds that she is entitled to as the named beneficiary of Mr. McCabe's FEGLIA policy. As a result, FEGLIA preempts any Mississippi law that would require Ms. Tiedemann hold FEGLIA policy proceeds in a trust.

### B.  FERSA also Preempts Mississippi Law

The Court reaches the same conclusion regarding Mr. McCabe's TSP proceeds. Like FEGLIA, FERSA contains an order of precedence which gives priority to named beneficiaries designated by an employee "in a signed and witnessed writing" received "before the death of such employee." 5 U.S.C. § 8424(d). FERSA also specifies that payment following the order of precedence "bars recovery by any other individual." *Id.* FERSA goes further by clarifying that any designation of a beneficiary "in a will or other document not so executed and filed has no force or effect." *Id.*

To determine whether Ms. McCabe's request is preempted by FERSA, the Court returns to *Hillman* to consider the nature of the federal interest. In the absence of binding Fifth Circuit precedent, the Court also looks to guidance from other circuits. The Tenth Circuit recently interpreted *Hillman* in the context of FERSA and concluded that the federal interest concerning FERSA is "the authority of Congress to control payment of the proceeds of TSP accounts." *Evans v. Diamond*, 957 F.3d 1098, 1103 (10th Cir. 2020). It ruled that requiring a

4

beneficiary to hold money in a constructive trust "is the economic equivalent of an order directing that those monies" be distributed to someone else. *Id.* at 1105. FERSA, therefore, preempts state laws and post-distribution lawsuits that interfere with the "express federal interest of ensuring [that] the properly designated beneficiary retain the entirety of the distribution she receives." *Id.* at 1104-05.

      This Court agrees with the Tenth Circuit's rationale. The Supreme Court's guidance in *Hillman* cautions against interfering where "Congress spoke with force and clarity in directing that the proceeds belong to the named beneficiary and no other." *Hillman*, 569 U.S. at 494 (cleaned up). Requiring Ms. Tiedemann to hold any portion of the proceeds in trust would essentially deprive her of those proceeds.

      To all this, Ms. McCabe argues that the July 29th and August 23rd emails evidence Mr. McCabe's intent to create a trust. But neither document supports Ms. McCabe's position. The relevant portion of the July 29th email only references Mr. McCabe's USAA life insurance policy, so it has no bearing on the distribution of his TSP. And even assuming Mr. McCabe contemplated naming his minor children as beneficiaries of his TSP through the August 23rd email, this email was not a signed writing "received in the [Office of Personnel Management]" before his death. 5 U.S.C. § 8424(d). Therefore, it does not provide authority to allocate the TSP proceeds to anyone but his designated beneficiary. FERSA preempts any Mississippi law that would require Ms. Tiedemann hold the TSP proceeds in a trust.

5

**IV.     Conclusion**

Ms. Tiedemann's motion for partial summary judgment is granted.

**SO ORDERED**, this the 28th day of January, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
